UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
OCT 05 2015

| | |
|---|---|
| PAUL A. ROSBERG,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA; J.S. WILLIS, Federal Prison Bureau; DR. BOYD, and MR. DOWNING,<br><br>Defendants. | 4:15-CV-04076-LLP<br><br><br>ORDER DISMISSING COMPLAINT IN PART AND DIRECTING SERVICE OF COMPLAINT |

**INTRODUCTION**

Plaintiff, Paul A. Rosberg, filed this pro se lawsuit pursuant to 42 U.S.C. § 1983. He named the United States of America, J.S. Willis, Dr. Boyd, and Mr. Downing as defendants. At the time of filing, Rosberg was incarcerated at the federal prison camp in Yankton, South Dakota. The Court has "screened" this case pursuant to 28 U.S.C. § 1915A. For the following reasons, Rosberg's complaint is dismissed in part and survives screening in part.

**FACTUAL BACKGROUND**

Rosberg is incarcerated at Yankton Federal Prison camp. Docket 1. His complaint contains three medical issues that he argues were not properly treated by prison staff. He alleges another inmate assaulted him and injured his back. Docket 1-1 at 4. He alleges that his testicle swelled, and he worried it was cancerous. *Id.* at 1. He also alleges that he requested a colonoscopy after

1

hearing an advertisement on the radio that said men of his age should get them every five years. *Id.* at 2.

Rosberg states three claims in his complaint, but each claim is essentially the same. He claims defendants Willis, Boyd, and Downing are responsible for his injuries. Docket 1 at ¶2-3. Willis is the warden at Yankton prison camp, and Rosberg claims he did not properly monitor the inmates. *Id.* at ¶2. Rosberg alleges Boyd and Downing provided inadequate medical care. *Id* at ¶3. As relief, Rosberg requests the "actual costs of his medical bills, $500,000 for pain and suffering, and $500,000 for destruction of lively hood . . . [and] punitive damages in the amount of $100,000 and reasonable interest, court costs including filing, copying, witness, and attorney fees." *Id.* at ¶5.

## DISCUSSION

Some of the defendants have immunity or cannot be sued under § 1983. The Court will discuss these issues first.

### A. Sovereign Immunity

"The United States is immune from suit unless it consents." *Hart v. United States*, 630 F.3d 1085, 1088 (8th Cir. 2011). It is not clear whether Rosberg names the United States or Eric Holder as a defendant. In as much as Rosberg names the United States as a defendant, it is immune, and all claims against it are dismissed.

### B. Supervisory Liability

The defendants Rosberg names in their supervisory capacity cannot be sued under § 1983. "[V]icarious liability is inapplicable to § 1983 suits[.]"

2

*Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010). "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). A supervisor's liability must be based on his or her own "deliberate indifference or tacit authorization." *Grayson v. Ross*, 454 F.3d 802, 811 (8th Cir. 2006) (quoting *White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994)). If Rosberg names Eric Holder as a defendant, it is only in his supervisory capacity. Therefore, he is immune.

Rosberg names Warden Willis as a defendant because of his supervisory capacity. Rosberg alleges that he was attacked, and Willis "is responsible for making sure his staff properly make every effort so no inmate gets hurt by another inmate." Docket 1 at ¶2. Because Willis is named as a defendant in his supervisory capacity only, he cannot be sued under § 1983.

### C. Eighth Amendment Medical Claim

Rosberg claims he was provided inadequate medical care in violation of his rights under the Eighth Amendment. "[A] prison official who is deliberately indifferent to the medical needs of a prisoner violates the prisoner's constitutional rights." *Letterman v. Does*, 789 F.3d 856, 861 (8th Cir. 2015). To state an Eighth Amendment claim, plaintiffs must show "a substantial risk of serious harm to the victim," and "that the prison official was deliberately indifferent to that risk of harm . . . ." *Id.* at 861-62 (citing Gordon v. Frank, 454 F.3d 858, 862 (8th Cir. 2006)). Rosberg claims that his back injury was not treated, and he was denied access to necessary medical procedures. Docket a.

3

His back injuries and swelled testicle represent a substantial risk of serious harm and satisfy the first prong under *Letterman*. His claim concerning a requested colonoscopy, however, does not satisfy this prong. There was no suspicion that he medically needed the colonoscopy. Denying a routine exam is not an Eighth Amendment violation. Therefore, the colonoscopy claim fails under § 1915A.

Rosberg alleges that the prison medical staff members were deliberately indifferent to this harm. "The deliberate indifference element has two components: an actor must 'know[ ] of and disregard[ ] an excessive risk to inmate health or safety.' " *Id.* at 862 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "Plaintiffs must first demonstrate that defendants knew of the substantial risk of serious harm to the victim." *Id.* (quoting *Jackson v. Everett*, 140 F.3d 1149, 1152 (8th Cir. 1998)). Rosberg alleges that he explained his medical needs to defendants Boyd and Downing directly. Docket 1. Therefore, defendants knew of the risk.

Rosberg also alleges that the prison medical staff deliberately disregarded the risk of serious harm. "Generally, the actor manifests deliberate indifference by 'intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed.' " *Id.* (quoting *Krout v. Goemmer*, 583 F.3d 557, 567 (8th Cir. 2009)). Rosberg claims prison staff refused him care. He sufficiently pleaded his Eighth Amendment claims concerning his back and testicle to survive initial review under § 1915A. His claim concerning a colonoscopy request is dismissed.

4

## CONCLUSION

Rosberg's makes numerous claims for violations of his rights under the Eighth Amendment. He states a claim that prison staff was deliberately indifferent to his medical needs. He names the United States as defendants, which cannot be sued due to sovereign immunity. Eric Holder and Warden Willis cannot be sued in their supervisory capacities.

Accordingly, it is ORDERED

1. Defendants United States, Eric Holder, and J.S. Willis are dismissed.
2. Plaintiff's Eighth Amendment medical claims concerning his back and testicle survive screening.
3. Plaintiff's Eighth Amendment medical claim concerning his colonoscopy request is denied pursuant to § 1915A.
4. The Clerk shall send blank summons forms to plaintiff so he may cause the summons and complaint to be served upon the defendants.
5. Plaintiff shall serve upon defendants, or if appearance has been entered by counsel, upon their attorney, a copy of every further pleading or other document submitted for consideration by the Court. He shall include with the original paper to be filed with the Court a certificate stating the date a true and correct copy of any document was mailed to defendants or their counsel. Any paper received by a district judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

6. Defendants will serve and file an answer or responsive pleading to the complaint on or before 21 days following the date of service.

Dated October 5th, 2015.

BY THE COURT:

_____
Lawrence L. Piersol
UNITED STATES DISTRICT JUDGE