FILED
DEC 15 2016
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| PAUL A. ROSBERG,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DR. BOYD and MR. DOWNING,<br><br>　　　　Defendants. | 4:15-CV-04076-LLP<br><br><br>ORDER DISMISSING CASE |

　　Plaintiff, Paul A. Rosberg, filed this pro se lawsuit pursuant to 42 U.S.C. § 1983 but failed to properly serve defendants. A defendant must be served within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). The Court granted Rosberg an extension of time to serve, Docket 13, and on November 14, 2016, the Court ordered Rosberg to serve defendants by December 9, 2016, or move for leave to proceed in forma pauperis. That date has now passed and Rosberg has failed to do either.

　　"Under Rule 4(m), a district court must engage in a two-step analysis of motions to dismiss a complaint premised upon untimely service of process." *Colasante v. Wells Fargo Corp.*, 81 F. App'x 611, 612 (8th Cir. 2003). The Court first inquires "whether the plaintiff has demonstrated good cause for his failure to serve within the prescribed . . . period." *Id.* Here, Rosberg has not made any demonstration of good cause. Even though "good cause is not shown, the district court still retains the discretion to grant an extension of the time for service." *Id.* at 613 (citing *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d

882, 887 (8th Cir. 1996)). "To warrant such a permissive extension, a plaintiff must demonstrate excusable neglect." *Id.* (citing *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002)). Here, Rosberg has not demonstrated excusable neglect. Therefore, his complaint is dismissed for failure to serve.

Accordingly, it is

ORDERED that Rosberg's complaint (Docket 1) is dismissed without prejudice for failure to serve defendants.

Dated December 15th, 2016.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
UNITED STATES DISTRICT JUDGE